## RUFUS SHUMWAY *et al. versus* MICAH M. RUTTER.

A *bonâ fide* sale of chattels, though it passes the property as between the vendor and vendee without any delivery to the vendee, yet leaves them liable to be taken as the property of the vendor by his creditors.

Furniture was fairly sold by A to B for a valuable consideration, and B took a lease of the house in which A resided, from the landlord, but took no possession of the furniture and made no agreement as to A's continuing to use it, and A afterwards moved to another place, taking the furniture with him, and from time to time added to it new articles of his own. The furniture was attached in a suit against A as his property, and B brought trover against the officer. *Held*, that the furniture was liable to attachment by A's creditors, and that the action by B could not be maintained.

TROVER for divers articles of household furniture attached by the defendant, a deputy sheriff, as the property of Jacob Shumway.

The case was tried before *Parker* C. J. The plaintiffs, to prove their property, produced in evidence a written conveyance of the furniture to them made prior to the attachment. It appeared in evidence that Jacob Shumway owned the furniture, which was in a house belonging to Nahum Eager, which was occupied by Jacob Shumway as a tavern, that Eager, to whom Jacob Shumway was indebted, brought a suit against him, and A. H. Ward, Eager's attorney, directed the officer who had the writ to attach the furniture. Jacob applied to the plaintiffs, one his brother and the other his brother-in-law, who were willing to assist him if they could be made secure. Being advised by counsel, they gave their note to Eager for the debt, which they afterwards paid, and purchased the furniture of Jacob, taking a bill of parcels of it, at an appraisement made by the officer who had the writ. The amount of the furniture thus appraised corresponded within a dollar or two with the amount of the debt secured ; and the fairness of the appraisement was not contested. Eager at the same time executed a lease of the house to the plaintiffs, and Jacob Shumway con-

tinued to occupy it for four or five months, and then moved to a house in Sudbury, into which he removed the furniture. There was no delivery of the furniture when the conveyance of it was made, the business being transacted at the office of the attorney who had brought Eager's suit, and two miles from the place where the furniture was, and no contract was proved by which Jacob was to have the use of the furniture. There was evidence tending to show that Jacob, after removing to Sudbury, considered the furniture as his own, purchasing and adding to it other furniture, and crockery and glass to supply the place of some which was broken in the house.

The defendant's counsel insisted that the sale to the plaintiffs was void for want of a delivery, notwithstanding the lease of the house to them, they never having entered under the lease ; that Jacob's possession of the furniture and dealing with it as his own, and making declarations to that effect, rendered it in law his property, so as to be liable to creditors who had trusted him on the belief that he was the owner of it ; and that the furniture claimed by the plaintiffs being mixed with other articles of furniture owned by the debtor, so that the officer was not able to distinguish, the action would not lie.

The case was put to the jury solely on the question, whether the transaction in Shrewsbury was *bonâ fide*, the other points being reserved for the consideration of the Court. The verdict, which was for the plaintiffs, was to be set aside, if not justified by the facts in the case ; otherwise judgment was to be rendered thereon.

*Oct. 3d.* *Merrick,* for the defendant, cited as to the want of delivery in this case, *Lanfear* v. *Sumner,* 17 Mass. R. 110 ; *Bartlett* v. *Williams,* 1 Pick. 288 ; [2nd ed 297, note 1;] Phil. Ev. 380, 381 ; *Bayley* v. *Ogden,* 3 Johns. R. 394 ; and as to the intermixture of Jacob Shumway's furniture with that claimed by the plaintiffs, *Bond* v. *Ward,* 7 Mass. R. 123. He contended that the possession of the furniture by Jacob Shumway, unexplained, and the neglect of the plaintiffs in not taking possession, rendered the sale fraudulent as to *bonâ fide* creditors. In all cases where a possession by the vendor after a sale has been held not to be fraudulent, the possession has been explained. *Bartlett* v. *Williams* 1 Pick. 288 ; *Brooks*

v. *Powers*, 15 Mass. R. 244 ; *Badlam* v. *Tucker*, 1 Pick. 389 ; *Homes* v. *Crane*, 2 Pick. 607 ; *Wheeler* v. *Train*, 3 Pick. 255 ; [2nd ed. 257, note 1 ;] *Bentall* v. *Burn*, 3 Barn. & Cressw. 138.

*J. Davis* and *Allen*, for the plaintiffs, argued that there was a symbolical delivery of the property by the lease of the house. *Wilkes* v. *Ferris*, 5 Johns. R. 335 ; *Hinde* v. *Whitehouse*, 7 East, 558 ; Rob. Frauds, 174, note, and 176. The possession of the vendor after the sale was not *per se* a fraud. *Badlam* v. *Tucker*, 1 Pick. 389 ; *Brooks* v. *Powers*, 15 Mass. R. 244 ; [Rand's ed. 248, note *a*.] The doctrine of confusion of property applies only to such articles as liquids or grain, of which a separation is impossible.

PARKER C. J. drew up the opinion of the Court. A new trial is granted, because there was no delivery of the furniture at or after the sale to the plaintiffs, nor any subsequent possession by them. The whole transaction rested in paper, or in verbal communication. According to the testimony of Mr. Ward, the business of the sale was transacted at his office, two miles from the house in which the furniture was. The vendor resumed the possession immediately, and there was no act by which the change of property could be made known. *Lanfear* v. *Sumner* is an authority for this ; indeed this case is still stronger against the vendees ; for they never did, nor claimed to do, any act of ownership. By the bill of sale the property was transferred between the vendor and the vendees ;[1] but not against creditors who should attach before possession was taken.

The lease of the house to the plaintiffs, if possession had been taken under it, would have given possession of the furniture , out no entry was made under the lease. Jacob Shumway returned to the house, occupied it and used the furniture as before. He afterwards removed it to Sudbury, where it was used in another house of which the plaintiffs had no control. There was no contract between the plaintiffs and the debtor, showing a right under the plaintiffs in the debtor to use the furniture. We think notwithstanding the sale was *bonâ fide* in

---

[1] See 2 Kent, (3d ed.) 492; *Gardner* v. *Howland*, 2 Pick. (2nd ed.) 602, note 2.

regard to the consideration, there are many circumstances in dicative of fraud against creditors.

*New trial granted.*